**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

**MICHAEL ANTHONY BROWN,
ADC #133301**                                                                                    **PLAINTIFF**

**V.**                          **CASE NO. 5:12CV00046 JMM/BD**

**KAY HOWELL, et al.**                                                                   **DEFENDANTS**

**RECOMMENDED DISPOSITION**

**I.      Procedures for Filing Objections:**

The following Recommended Disposition has been sent to United States District Judge James M. Moody.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this recommendation.  A copy will be furnished to the opposing party.  Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

Mail your objections and/or "statement of necessity" to:

>   Clerk, United States District Court
>   Eastern District of Arkansas
>   600 West Capitol Avenue, Suite A149
>   Little Rock, AR 72201-3325

## II.   Background

Plaintiff Michael Brown, an Arkansas Department of Correction inmate, filed this lawsuit alleging that Defendants Burton and Tabor violated his constitutional rights by leaving him in the shower for an excessive time period while he was housed at the Randall L. Williams Correctional Facility ("Correctional Facility").  In addition, he claims that Defendant Howell, as Warden of the Correctional Facility, negligently failed to train Defendants Burton and Tabor.

Defendants have moved for summary judgment.  (Docket entry #20)  Mr. Brown has filed a response opposing the motion, and the Defendants have replied.  (#25, #26, #27, and #28)  For reasons set forth below, the Defendants' motion (#20) should be GRANTED.

## III.   Discussion

### A.   Standard

Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine dispute as to any material fact. Fed.R.Civ.P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 246, 106 S.Ct. 2505 (1986).  The moving party bears the initial responsibility of demonstrating the absence of a genuine dispute of material fact.  *Celotex Corp.*, 477 U.S. at 323, 106 S.Ct. at 2552.  If the moving party meets this burden, the nonmoving party must respond by coming forward with specific

facts establishing a genuine dispute for trial. *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc). When the nonmoving party cannot present sufficient facts to establish a necessary element of the case, the moving party is entitled to judgment as a matter of law. *Celotex Corp.*, 447 U.S. at 322–23, 106 S.Ct. at 2552.

    B.    Exhaustion

Before prisoners can file a lawsuit under 42 U.S.C. § 1983, they must first exhaust all "available" remedies. 42 U.S.C. § 1997e(a); *Booth v. Churner*, 532 U.S. 731, 738, 121 S.Ct. 1819 (2001) (holding that available remedies "must be exhausted before a complaint under § 1983 may be entertained"). For purposes of § 1983, an "available remedy" is one that is "capable of use for the accomplishment of a purpose; immediately utilizable [and] accessible." *Miller v. Norris*, 247 F.3d 736, 740 (8th Cir. 2001).

Prisoners can be excused from exhausting administrative remedies, but only when correction officials have prevented them from using grievance procedures or when the officials themselves have not complied with the administrative procedures. *Miller v. Norris*, *supra* at 740; *Foulk v. Charrier*, 262 F.3d 687, 697–98 (8th Cir. 2001).

Here, Defendants argue that Mr. Brown failed to fully exhaust his administrative remedies with regard to his claim against Defendant Howell. Barbara M. Williams, the ADC Inmate Grievance Coordinator, testified that although Mr. Brown mentioned both Defendant Burton and Tabor in his fully exhausted grievance regarding this incident, he

failed to name Defendant Howell in any exhausted grievance relating to the claims giving rise to this lawsuit. (#22-2 at pp.1-2)

In his response to the Defendants' motion, Mr. Brown states that he completed a grievance form regarding Defendant Howell's conduct, but that grievance was destroyed by ADC employees who informed him that he could not file a grievance against the Warden because she was not present when the alleged incident occurred. (#26 at p.3) Therefore, he argues that ADC employees prohibited from fully exhausting his grievances against Defendant Howell.

Based upon Mr. Brown's response, there appears to be a material question of fact as to whether Mr. Brown was actually provided access to the ADC grievance procedure with regard to his claim against Defendant Howell. As a result, the Defendants are not entitled to summary judgment on this basis.

C.   Deliberate Indifference

Mr. Brown claims that on July 15, 2011, he was left in the shower for an unusually long period of time. He complains that the water temperature was extremely hot and that, as a result, he lost consciousness.

To prove deliberate indifference, an inmate must make a two-part showing: first, that the deprivation of rights was sufficiently serious to trigger constitutional protection; and second, that prison officials had a sufficiently culpable state of mind. "Sufficiently serious" means that the inmate's living conditions placed him at a substantial risk of

serious harm. And an official is deemed deliberately indifferent if he or she actually knew of a substantial risk to an inmate's safety and failed to respond reasonably to that risk. *Nelson v. Shuffman*, 603 F.3d 439, 446 (8th Cir. 2010).

In his declaration attached to the Defendants' motion for summary judgment, Defendant Tabor explains that he left Mr. Brown in the shower unsupervised while he escorted another inmate to his cell. (#22-10) He states that he was not gone for a long period of time and that when he returned, Mr. Brown was standing in the shower. (#22-10) Because Mr. Brown complained of shortness of breath, the infirmary was contacted. (#22-10) According to Defendant Tabor, Mr. Brown "never lost consciousness." (#22-10)

According to the medical records presented, the infirmary was contacted because Mr. Brown was "sitting down in the shower and complaining of shortness of breath and chest pain." (#22-3) Mr. Brown was examined and was found to be "stable." (#22-3)

Although Mr. Brown maintains that he did lose consciousness as a result of his prolonged exposure to the hot shower water, he has not provided any supporting medical documentation. He complains that he experienced chest pain following this incident, but the undisputed evidence reveals that Mr. Brown had complained of chest pain even before to July 15, 2011, due to a gunshot wound that he had sustained earlier. In fact, he failed to complain of any chest pain in the three sick call requests that he submitted in the days following the shower incident. (#22-4 at pp.1, 3, 4, 5, 6; #22-5; and #22-6)

Based on the evidence presented, Defendants Tabor and Burton might or might not have been negligent in allowing Mr. Brown to remain in the shower for a longer-than-normal period of time, but unfortunately for Mr. Brown, negligence, or even gross negligence, cannot support a constitutional claim. *Gibson v. Weber*, 433 F.3d 642, 646 (8th Cir. 2006) ("A showing of deliberate indifference is greater than gross negligence."). Mr. Brown has failed to present any evidence that any of the named Defendants knew that he was at risk of any harm and actually disregarded that risk.

Although Mr. Brown claims that the water temperature of the shower was unreasonably high on the date in question, Defendants have presented evidence that a water temperature of 118 degrees, as Mr. Brown claims it was, is within the normal range of water temperature, according to the American Corrections Association's standards. (#28)

Because Mr. Brown has failed to create a material question of fact with regard to his deliberate indifference claim, Defendants Burton and Tabor are entitled to judgment as a matter of law.

In addition, Mr. Brown claims that Defendant Howell, as Warden of the Correctional Facility, failed to adequately train Defendants Burton and Tabor. In order to establish that claim, Mr. Brown must prove that (a) the training practices at the Correctional Facility were inadequate; (b) the failure to train was a result of a deliberate and conscious choice by Defendant Howell; and (c) the training deficiency actually

caused Mr. Brown's injury. *Andrews v. Fowler*, 98 F.3d 1069, 1076 (8th Cir. 1996) (citing *City of Canton v. Harris*, 489 U.S. 378, 389, 109 S.Ct. 1197 (1989)).  Here, Mr. Brown has failed to present any evidence to support this claim, including proof of any injury that he sustained as a result of the shower incident.  His unsubstantiated, conclusory allegations fall well short of creating a genuine question of material fact.

## IV. Conclusion:

The Court recommends that the Defendants' motion for summary judgment (#20) be GRANTED and that Mr. Brown's claims be DISMISSED, with prejudice.

DATED this 22nd day of August, 2012.

_____
UNITED STATES MAGISTRATE JUDGE